UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHARLES WAILES,<br><br>                    Plaintiff,<br><br>          v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>                    Defendant. | Case No.  2:24-cv-0836-JDP (SS)<br><br><br>ORDER |

Plaintiff's counsel seeks an award of attorney fees under 42 U.S.C. § 406(b).[1] ECF No. 18. Plaintiff entered into a contingent fee agreement providing that he would pay counsel twenty-five percent of any award of past-due benefits. ECF No. 18-1 at 1. After this court remanded for further proceedings, plaintiff was found disabled and awarded $99,104 in past-due benefits. ECF No. 18-3 at 3. Plaintiff's counsel requests $24,776 in attorney fees, which is equivalent to the statutory maximum, and which equates to an effective hourly rate of $1,192.82. ECF No. 18 at 15.

An attorney is entitled to reasonable fees for successfully representing social security claimants in district court.

---

[1] Although the motion for fees was filed under plaintiff's name, plaintiff's counsel is the real party in interest. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). Rather than being paid by the government, fees under section 406(b) are paid by the claimant from the awarded past-due benefits. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 802). The twenty-five percent statutory maximum fee is not an automatic entitlement; the court must ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). In assessing whether a fee is reasonable, the court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

      The court finds that the requested fees are reasonable. Counsel's billing records reflect a total of 20.77 hours of attorney time on this case. ECF No. 18-4 at 1-2. Counsel's request for $24,776, which is equivalent to the statutory maximum, would constitute an hourly rate of approximately $1,192.82 for attorney services. Counsel did not engage in dilatory conduct or perform in a substandard manner. Indeed, counsel's representation resulted in this matter being remanded for further proceedings, which resulted in a favorable decision and an award of benefits. *See* ECF Nos. 14 & 18-3. Given counsel's experience, the result obtained in this case, and the risk of loss in representing plaintiff, the court finds the hourly rate reasonable. *See, e.g.*, *De Vivo v. Berryhill*, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at an effective hourly rate of $1,116.26); *White v. Berryhill*, No. cv 04-00331-AS, 2017 WL 11634804, at *3 (C.D. Cal. July 7, 2017) (awarding fees at an effective hourly rate of $1,612); *Monica H. v. Comm'r, Soc. Sec. Admin.*, No. 3:16-cv-2111-JR (D. Or. Jan. 25, 2021) (awarding fees at an

effective hourly rate of $2,000); *Kelly Kay M. v. O'Malley*, No. 22-cv-1969-DDL, 2024 WL 4536462, at *3 (S.D. Cal. Oct. 21, 2024) (awarding fees at an effective hourly rate of $1,923.07).

Counsel concedes that the $4,725 award should be offset by the fees previously awarded under the under the Equal Access to Justice Act ("EAJA").  ECF No. 18 at 15; *see* ECF No. 17.  He also indicates that he will reimburse plaintiff the amount previously awarded under the EAJA.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).

Accordingly, it is hereby ORDERED that:

1. The motion for attorney fees, ECF No. 18, is GRANTED.

2. Plaintiff's counsel is awarded $24,776 in fees pursuant to 42 U.S.C. § 406(b).

3. Upon receipt of the $24,776 award, counsel shall refund to plaintiff the sum of $4,725 previously awarded under the EAJA.

IT IS SO ORDERED.

Dated:   October 14, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE